UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Thomas Spang, | Case No. 22-cv-1294 (WMW/LIB) |
| Petitioner, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| B. Eischen,<br>*FPC-Duluth Warden* | |
| Respondent. | |

---

This matter is before the Court on the Report and Recommendation ("R&R") issued by United States Magistrate Judge Leo I. Brisbois on January 26, 2023. (Dkt. 20.) Petitioner Thomas Spang objects to the R&R, (Dkt. 22), and Respondent Eischen filed a reply to Spang's objection. (Dkt. 28.) For the reasons stated below, the Court overrules Spang's objection, adopts the R&R, denies the petition and dismisses the action without prejudice.

## BACKGROUND[1]

On March 30, 2017, the state of Wyoming took Spang into its custody following his conviction for a state offense. On March 28, 2018, the United States District Court for the District of Montana sentenced Spang to 87 months in prison, running concurrently with Spang's state sentence. Spang remained in the United States Marshals Service's physical custody from the date of his sentencing until May 4, 2018, when he was returned to

---

[1] The R&R, (Dkt. 20), contains a complete recounting of the background facts.

Wyoming's custody for the duration of his state sentence. The Marshals Service took custody of Spang on January 28, 2022, at the satisfaction of Spang's Wyoming sentence. Spang arrived at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth"), on March 22, 2022, and he remains there at this time.

Within a month of Spang's arrival at FPC-Duluth, the Bureau of Prisons ("BOP") deemed him eligible for the First Step Act, and Spang received fifteen days of First Step Act time credits. One month after the BOP's determination, Spang initiated this action, seeking an Order requiring a time credit calculation that accounts for his imprisonment in Wyoming and requiring the immediate application of the time credit that he has received.

## ANALYSIS

The Court reviews *de novo* the portions of an R&R objected to by a party and "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A party's objections to an R&R must "specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008). An objection that restates arguments made to and considered by the magistrate judge is reviewed for clear error. *Montgomery v. Compass Airlines, LLC*, 98 F.Supp.3d 1012, 1017 (D. Minn. 2015). When reviewing an R&R, the Court does not consider evidence that was not submitted to the magistrate judge for consideration. *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, No. 15-cv-2666, 2017 WL 1373257, at *2 (D. Minn. Apr. 13, 2017) (citing *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000)). In the absence of specific

objections, the Court reviews an R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Spang is self-represented, the Court liberally interprets his objections. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).

## I.  Spang's Inclusion of New Facts in His Objections

Spang's objections include three attachments that were not presented to the magistrate judge and several factual allegations that do not appear in the record before the magistrate judge. Accordingly, in its review of the R&R, the Court does not consider those attachments or Spang's statements of fact based on those attachments.

## II.  Spang's Objections to the R&R

Construing Spang's objections liberally, the Court determines that Spang objects to the magistrate judge's conclusion that the time Spang spent in custody in Wyoming should not be used to calculate custody credit either under the First Step Act or for good conduct. Spang also objects to the magistrate judge's conclusion that Spang cannot be placed on home confinement. The Court addresses *de novo* each of these objections.

### a. First Step Act Claim

Spang argues that he should receive credit for time spent in custody in Montana pending his federal trial and for time served in Wyoming after his conviction in federal court. Eischen disagrees contending that Spang can earn custody credit only when Spang is incarcerated in the BOP facility where he will serve his sentence.

Enacted on December 21, 2018, the First Step Act allows certain prisoners to earn time credits to reduce their prison term. *See* 18 U.S.C. § 3632. Prisoners earn time credits

3

upon "complet[ing] evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4).  But "a prisoner may not earn time credits under [the First Step Act] for an evidence-based recidivism reduction program that the prisoner successfully completed . . . prior to the date of enactment of this subchapter" or "prior to the date that the prisoner's sentence commences under section 3585(a)."  18 U.S.C. § 3632(d)(4)(B).  "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a) (emphasis added).  A prisoner "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b) (emphasis added).

Spang is not entitled to First Step Act earned-time credit for any of the time he spent in custody prior to his arrival at FPC-Duluth.  For the purposes of this analysis, Spang's time in federal custody and in state custody comprises three periods of time: the period spent in custody prior to the enactment of the First Step Act on December 21, 2018; the period spent in custody between December 21, 2018, and Spang's arrival at FPC-Duluth on March 22, 2022; and the period spent in custody at FPC-Duluth.

Spang is not eligible for First Step Act earned-time credits for any time he spent in custody prior to the enactment of the First Step Act on December 21, 2018.  The statute itself establishes the prohibition, providing that "[a] prisoner may not earn time credits

4

under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed . . . prior to the date of enactment of this subchapter." 18 U.S.C. § 3632(d)(4)(B). Because of this prohibition, Spang is not entitled to earned-time credits for that portion of his incarceration.

The second portion of Spang's incarceration—time spent in custody after the enactment of the First Step Act but prior to his arrival at FPC-Duluth—is not eligible for earned-time credits under the First Step Act because of another section of the statute. The First Step Act excludes credit for the period of incarceration prior to the prisoner's arrival at "the official detention facility." *See* 18 U.S.C. § 3585(a); 28 C.F.R. § 523.42(a). Spang arrived at FPC-Duluth on March 22, 2022. That is the date he became eligible to participate in First Step Act-approved programming and activities that might result in his earning time credits. Spang, therefore, is not eligible to earn time credits for the time he was incarcerated between December 21, 2018, and March 22, 2022.

Spang is eligible to earn time credits under the First Step Act beginning on March 22, 2022, when he arrived at FPC-Duluth. *See* Dkt. 14-2 (BOP records showing Spang's date of arrival at the designated facility). The record establishes that the BOP properly calculated Spang's time credits based on Spang's eligibility under the statute. Accordingly, the Court concludes that Spang is not entitled to a recalculation of his sentence to account for any time prior to March 22, 2022.

b. **Good Conduct Time Credit**

Spang argues that the BOP incorrectly applied good conduct time that he has earned. Spang's argument is based on his misunderstanding of the law. "A prisoner who is serving

5

a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1).  A prisoner does not have a right to the earned good conduct time credits until the prisoner is released from custody.  18 U.S.C. § 3624(b)(2).

Spang's inmate data sheet reflects this calculation as it existed on May 23, 2022. (Dkt. 13-1.)  As calculated as of May 23, 2022, Spang was projected to earn 364 days of good conduct time over the duration of his sentence.  (*Id.*)  Of the 364 days, Spang had already earned 216.  But he would not be entitled to apply those days until he was released from custody.  (*Id.*); (*See* Dkt. 13 ¶¶ 16-17 and 20.)  Spang is not entitled to any relief based on his arguments about good conduct time.

### c. Home Confinement

Finally, Spang argues that the BOP should transfer him immediately to home confinement. But as the magistrate judge observed, Spang's argument assumes a recalculation of his credit under the First Step Act and the immediate application of good conduct time.  (*See* Dkt. 20 at 13.)  Because the Court concludes that Spang is not entitled to a recalculation of his time credits or the immediate application of any time credits, Spang's argument for home confinement fails.  A second reason his argument fails is because a habeas corpus petition is not the proper means to seek that relief.

Courts consistently address home confinement as a place of imprisonment.  (*See* Dkt. 20 at nn. 7-8) (listing cases discussing home confinement as a place of incarceration).

6

A challenge to the quality or nature of imprisonment is not proper under a habeas corpus petition because a habeas corpus petition can challenge only the fact of imprisonment or the duration of imprisonment.  *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014).  A court should dismiss improper requests for relief raised in a habeas corpus petition.  *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021).

Consequently, Spang's argument that he should be transferred to home confinement fails for two reasons.  Spang is not entitled to the relief he seeks because his credit time under the First Step Act and for good conduct has been properly calculated.  Additionally, his request to be transferred to home confinement is not properly addressed in this petition.

For the reasons discussed above, Spang's objections to the R&R are unpersuasive, contrary to the law and, therefore, overruled.

### III.   Clear Error Review

The Court reviews for clear error the remainder of the R&R, to which neither party specifically objects.  *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (stating "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").  Having carefully performed this review, the Court finds no clear error and adopts the R&R.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Thomas Spang's objections to the January 26, 2023 R&R, (Dkt. 23), are **OVERRULED**;

2. The January 26, 2023 R&R, (Dkt. 20), is **ADOPTED**;

3. Spang's Petition for a Writ of Habeas Corpus, (Dkt. 1), is **DENIED**; and

4. This action is **DISMISSED without prejudice**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 17, 2023                                  s/Wilhelmina M. Wright
                                                     Wilhelmina M. Wright
                                                     United States District Judge